LAWRENCE PETRICCA, Petitioner v COMMISSIONER OF INTERNAL REVENUE, Respondent
Petricca v. Commissioner
Docket No. 2682-83.
United States Tax Court
T.C. Memo 1986-50; 1986 Tax Ct. Memo LEXIS 558; 51 T.C.M. (CCH) 412; T.C.M. (RIA) 86050; February 4, 1986. *558 Held: The employment of Lawrence Petricca as an electrician at the Seabrook Nuclear Power Plant during 1980 was indefinite, hence travel expenses are not deductible. Held further, petitioner's charitable contribution to Church of the Angels is not deductible. Lawrence Petricca, pro se. Mary P. Hamilton, for respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in the 1980 Federal income tax liability of Lawrence Petricca (petitioner or Petricca) in the amount of $1,797. After concessions, the issues in dispute are the deductibility of travel expenses in the amount of $6,300 for mileage in connection with the work of Petricca at the Seabrook Nuclear Power Plant in Seabrook, New Hampshire and the deductibility of a claimed charitable contribution of $2,500 to the Church of the Angels. For convenience our Findings of Fact and Opinion are combined. Some of the facts have been stipulated and are so found. At the time of the filing of *560 the petition in this case, Petricca resided in Leominister, Massachusetts. [1] Petitioner is a cash basis taxpayer who filed his Federal income tax returns on a calendar-year basis. The return for the year 1980 was a joint return filed with his then wife Pamela. Petricca is a member of Electrical workers Union Local 421 at Concord, New Hampshire. During the period 1977 through 1981 he was assigned by his local union to work at the Seabrook Nuclear Power Plant. He was initially employed by Manzi Electrical Corporation. At some time prior to January 1979 Manzi joined a joint venture working on the nuclear power project which operated under the name Fischbach-Boulos-Manzi. With one exception noted below, Petricca continued to work for this joint venture from that date until he was terminated in March 1981 for violation of a project rule. However, for reasons which are not clear in this record, during 1980 he worked for approximately 1 week for Morrison-Knudsen Company, *561 Inc. Petitioner testified that this brief interruption in his employment by the joint venture was at the direction of the business manager of his local union. We find that this brief interruption in the identity of the employment entity is immaterial to the issues before us. Petitioner also testified, and we have no reason to doubt his testimony, that on numerous occasions he was told to go home for a few days at a time by reason of union problems at the nuclear facility. There is some indication that formal strikes did not occur, but instead employees simply went home until the particular union agent involved tole the employees to return to work. This factor again has no bearing on the nature of Petricca's employment for tax purposes. Personal expenses are ordinarily not deductible. Section 262. [2] Section 162(a)(2), however, allows the taxpayer to deduct certain traveling expenses paid or incurred while away from home in the pursuit of a trade or business if he can establish the traveling expenses were: (1) reasonable and necessary; (2) incurred while "away from home"; and (3) incurred in pursuit of a trade or business. ; *562 . The Court has held that a taxpayer's "home" for the purpose of section 162(a)(2) is the vicinity of his principal place of business whenever his personal residence is not located in the same vicinity. ; . There is, however, an exception to this rule when a taxpayer with a well-established tax home accepts temporary employment as opposed to indefinite employment elsewhere. In this context, temporary employment means the sort of employment in which termination within a short period of time could be logically expected and foreseen. , affg. a Memorandum Opinion of this Court; . See also . On the other *563 hand, whenever termination of employment cannot be expected or foreseen within a fixed or reasonably short period of time, the taxpayer's tax home shifts to such place of employment so that he cannot satisfy the "away from home" requirement. . When Petricca was employed, he was not tole how long the construction project at the Seabrook Nuclear Power Plant would last but he did know that it was a "big job." For all practical purposes, Petricca's employment as an electrician on this project continued without substantial interruption for a period in excess of 3 years. A fact, if it be a fact, that the business agent of the local can cause union members to be switched from one job to another in the discretion of the business agent is immaterial. That fact alone cannot make Petricca's employment on this job temporary rather than indefinite. The 1-week's employment for Morrison-Knudsen Company,Inc., if done at the instance of the business agent, may illustrate the authority of the business agent to respond to needs of electrical contractors on a particular project, but it cannot serve to convert indefinite employment into temporary *564 employment for Federal tax purposes. During the year 1980, petitioner's Federal tax home was in the vicinity of the Seabrook Nuclear Power Plant in Seabrook, New Hampshire. Petitioner appears to argue that he comes within the doctrine of . The facts of that case are distinctly different and its rationale has no bearing on this case. There, as the District Court had found, the employment was seasonal with most of the employees laid off during winter months and with no assurance that they would be reemployed when weather permitted. Moreover, that Court of Appeals also recognized that temporary work stoppages such as were present during Petricca's employment at the Seabrook plant do not make the work temporary. Petricca's commuting expenses were clearly personal and nondeductible unless some portion thereof might be deductible under a different theory. Without being able to adequately articulate the theory, petitioner nevertheless appears to contend that use of the automobile was necessary to transport Petricca's tools from his home to the job site. *565 Thus, apparently, petitioner is seeking to come within the rule of . Petitioner did not, however, favor us with a brief in this case and we might well hold that he has abandoned this theory for the allocation of commuting expense between personal and business. Suffice it to say, however, that there is no evidence in this case that Petricca would have failed to use his car for commuting regardless of the tools or that by reason of having to transport tools the commuting expense was in excess of what otherwise would have been incurred. Thus, Petricca has not come within the Fausner rule. See, e.g., . [3]
The final issue is petitioner's entitlement to a deduction under section 170(a) for an alleged charitable contribution made to the Church *566 of the Angels. The only evidence to support this deduction is Petricca's testimony that he paid $2,500 to a person called Al Miner, now deceased, who allegedly had formed a church called the Church of the Angels.To be deductible, a charitable contribution must be made to an organization which qualifies under section 170(c), no part of the net earnings of which inure to the benefit of any individual. The burden of proving entitlement to this deduction is upon petitioner. Rule 142(a). Petitioner has simply failed to carry his burden of proof. Decision will be entered under Rule 155.
Footnotes
1. The petition was filed in the named of Lawrence Petricca and Pamela Patricca. By order dated July 28, 1983 the case was dismissed as to Pamala Petricca for lack of jurisdiction and the caption changed.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Respondent argues that petitioner has not complied with the requirements of section 274 in connection with the travel expense deduction and further that the mileage between petitioner's home and the Seabrook Nuclear Power Plant as used by petitioner is excessive. We need not consider these further arguments.↩